RENDERED:  JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0923-MR

JOHN R. CECIL, JR.                                             APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 15-CR-000418


COMMONWEALTH OF KENTUCKY                                        APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND KAREM, JUDGES.

GOODWINE, JUDGE:  John R. Cecil, Jr. ("Cecil") appeals a Jefferson Circuit Court order denying his motion to vacate his conviction under CR[1] 60.02.  After careful review, finding no error, we affirm.

The Court summarized the facts of this case on direct appeal:

> On December 28, 2014, Caroline Fouts and her companions were making their way on foot from

---

[1] Kentucky Rules of Civil Procedure.

Gerstle's Pub, in Jefferson County, to Diamond Pub and Billiards, to play pool. While crossing the road, Cecil struck Fouts with his car. Cecil continued a few blocks with Fouts on the roof of his car, before pulling into a parking lot. The parties disagree as to the exact location of the accident.

Cecil admitted he had five drinks prior to driving. A field sobriety test was not administered because the roads were too slippery as a result of heavy rains. Cecil was transported to Metro Corrections for a breathalyzer test. While waiting to take the test, Cecil stated to an officer his blood alcohol content would be very high, and he admitted he should not have been driving. Cecil's breathalyzer results revealed his blood alcohol content to be .302. Fouts sustained numerous injuries due to the collision, including a broken right clavicle, humerus, ischium, and L5 vertebrae. She also shattered multiple bones in her elbow and tore her ACL.

Cecil was charged in a six-count indictment for assault in the first degree, wanton endangerment in the first degree, operating a motor vehicle while license is revoked, failure to stop and render aid, no motor vehicle insurance, and operating a motor vehicle while under the influence. Prior to trial, Cecil moved to suppress the results of his breathalyzer test on the basis that the corrections officer did not observe him for the requisite twenty minutes prior to conducting the test as required by KRS[2] 189A.103(3)(a). Specifically, he said that during the twenty-minute wait, he was allowed to use the restroom and, while relieving himself, the officer turned his back. The trial court denied his motion.

At trial, the Commonwealth presented testimony from the officer who administered the breathalyzer test. He said, "[I]n my personal and professional opinion, Mr. Cecil was too intoxicated to drive." Cecil objected and

---

[2] Kentucky Revised Statutes.

moved for a mistrial. The trial court sustained the objection but denied Cecil's motion for a mistrial. It admonished the jury to disregard the testimony.

The Commonwealth next presented expert testimony from Captain Chad Mills of the Kentucky State Police, an accident reconstructionist. He concluded Fouts was in the crosswalk on Lexington Avenue when Cecil ran a red light, hitting her. His opinion was partially based on Fouts' statement that she entered the crosswalk on Lexington avenue while the "walking man" symbol was showing. During his testimony, Captain Mills stated he had no reason to disbelieve Fouts' statement that she was in the crosswalk at the time of the accident. Cecil objected on grounds of bolstering and, again, moved for a mistrial. The trial court sustained the objection, denied Cecil's motion for a mistrial, and once again admonished the jury to disregard the testimony.

Cecil also presented expert testimony. Sonny Cease, an accident reconstructionist, opined the Commonwealth's expert had the collision occurring in the wrong place. He concluded Fouts had deviated from the crosswalk and was hit on Frankfort Avenue where Fouts' boots, jacket, and the bezel from Cecil's car were found. He testified Cecil told him the light was green, but he could not confirm this statement. At the end of trial, Cecil moved for a directed verdict and objected to instructing the jury on assault in the first degree. The trial court denied his motion and submitted the case to the jury. The jury convicted Cecil of assault in the first degree and operating a motor vehicle while under the influence. He was acquitted of all other charges. The jury recommended an eleven-year sentence. Cecil appeal[ed].

*Cecil v. Commonwealth*, No. 2018-CA-001046-MR, 2020 WL 4515286, at *1-2 (Ky. App. Jul. 24, 2020) (footnotes omitted). This Court found Cecil's claims of error without merit and affirmed the rulings of the Jefferson Circuit Court.

On June 23, 2020, Cecil filed a *pro se* motion to vacate his conviction under CR 60.02(b) newly discovered evidence, (c) perjury or falsified evidence, and (d) fraud affecting the proceedings, other than perjury or falsified testimony. Cecil later filed separate motions for an evidentiary hearing and appointment of counsel. The Commonwealth responded.

The circuit court appointed Cecil counsel to review the pleadings. Counsel moved to withdraw, stating that the proceeding would not reasonably be brought by a litigant expending his own funds.

On September 2, 2021, the circuit court denied Cecil's motion to vacate his sentence under CR 60.02 and for an evidentiary hearing. The court stated the "'newly discovered evidence' is purported to be the investigative interviews conducted by Captain Chad Mills, and the false or perjured testimony is described as the testimony of Chad Mills which . . . allegedly conflicts with some of the witness statements." Record ("R.") at 641. Cecil takes issue with the location of the collision, specifically whether it occurred inside or outside a crosswalk. The circuit court found the "newly discovered evidence" of Chad Mills' interview "was provided to [defense] counsel ten months before trial. Any

discrepancies between the witnesses' testimony at trial and statements made previously could have been addressed through cross-examination." R. at 642. Additionally, the court found "that there was nothing secret or hidden about these interviews, and mere discrepancies between the statements do not qualify as 'perjury' or fraud upon the Court." *Id.* This appeal followed.

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

On appeal, Cecil argues that the circuit court abused its discretion in denying his CR 60.02 motion because it was prosecutorial misconduct for the Commonwealth to introduce false or perjured testimony knowingly or unknowingly at trial under CR 60.02(c). Cecil abandoned his arguments under CR 60.02(b) newly discovered evidence and CR 60.02(d) fraud. Motions brought under CR 60.02(c) must be filed within "one year after the judgment." The final judgment was entered against Cecil on June 7, 2018, and he filed his CR 60.02 motion on June 23, 2020. Cecil filed his motion more than one year after the judgment was entered against him. Though the circuit court did not address the

-5-

timeliness of Cecil's motion, "the judgment of a lower court can be affirmed for any reason supported in the record." *Phelps v. Bluegrass Hosp. Management, LLC*, 630 S.W.3d 623, 630 (Ky. 2021).

As Cecil's motion under CR 60.02(c) was untimely, we need not address the merits of his argument. Thus, we hold that the circuit court did not abuse its discretion in denying Cecil's motion to vacate his conviction under CR 60.02.

For the foregoing reasons, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

John R. Cecil, Jr., *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky